Henry **JOHNSON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 20006.

United States Court of Appeals District of Columbia Circuit.

Argued July 21, 1966.

Decided Nov. 22, 1966.

Mr. J. David Mann, Jr., Washington, D. C. (appointed by this court) with

whom Mr. Mario F. Escudero, Washington, D. C., was on the brief, for appellant.

Mr. Robert Kenly Webster, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and FAHY and McGOWAN, Circuit Judges.

FAHY, Circuit Judge.

Appellant was convicted of carrying a concealed pistol without a license, in violation of D.C.Code § 22–3204. His appeal raises initially a question as to the validity of his arrest. If it were unlawful, he contends, an incriminating statement and a pistol, which were admitted in evidence, should have been excluded as the fruit of the arrest. Since we hold that the arrest, which occurred as now explained, was lawful this contention cannot prevail.

Two police officers in mufti were cruising shortly before midnight. They saw appellant run from the doorway of a church, cross the church property to the sidewalk, and then cross the street. They drove to a point where they were able to accost appellant as he approached. One of the officers testified that he identified himself as a policeman and told appellant he wished to speak to him. The officer testified appellant backed away, said, "Oh no," and addressed him in vilely obscene language. Two other officers, summoned by police radio, approached appellant from the rear. He thereupon sped ahead between the officers to his front. He was soon overtaken and arrested by two of the officers, and thereafter a fifth officer was called to transport appellant to the police station where he was to be booked for disorderly conduct. The obscene language addressed to the officer in the circumstances of appellant's conduct above set forth supports the arrest. D.C.Code §§ 4–140, 22–1107.

Appellant urges that his arrest for disorderly conduct was a sham, employed by the police as "a gamble for detecting a larger crime." See Hutcherson v. United States, 120 U.S.App.D.C. 274, 281, 345 F.2d 964, 971, cert. denied, 382 U.S. 894, 86 S.Ct. 188, 15 L.Ed.2d 151 (1965) (concurring and dissenting opinion). This issue is "one for inference to be drawn by the fact-finder based upon credibility and demeanor." Id., at 282, 345 F.2d, at 972. But the question was not raised below, and the record does not reveal plain error. We therefore conclude that appellant's statement was not inadmissible on the theory that his arrest was a sham.

Since the conviction on appeal was not for disorderly conduct but for carrying a concealed weapon without a license we now explain how this charge came about.

As the officer reached the police station with appellant, there also arrived a police radio message indicating that a gun had been found by the officer who first accosted appellant as above set forth.[1] About two minutes later the transporting officer asked appellant about the discovery. This officer testified appellant said he had found a gun shortly before the incidents we have described and that he had dropped it during the chase. Thereafter appellant identified the gun, later admitted in evidence, as the gun he had dropped.

A motion to suppress was heard and denied prior to trial. As the trial itself was getting underway appellant's counsel renewed, to quote his words, "that motion to suppress the evidence which was seized and the pistol in the case." This motion was based explicitly by counsel upon the alleged unlawfulness of the arrest. At no time was any other basis stated for inadmissibility of the chal-

---

1. This latter officer testified that he had noticed a bulge in one of appellant's pockets which appellant slapped when he used the obscene language. Upon retracing his steps, the officer found a gun about a foot to one side of a point where appellant was seen to hesitate in flight.

lenged evidence. Since, as we hold, the arrest was lawful the evidence was not inadmissible on the ground asserted. In any event this is not a case for the application of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; and the record affords no basis for applying Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, also referred to on appeal for the first time.[2]

Affirmed.

2. The trial court instructed the jury on the voluntariness of the admission attributed to appellant about the pistol. No issue of voluntariness was advanced at trial. No objection to evidence was made on that score. And appellant's original brief in this court did not advert to the matter. Due to a question during argument, supplemental briefs were filed on the question whether the giving of the instruction was error. We conclude that if it were error it was harmless for there was no issue in this case requiring the procedure prescribed by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, to be followed. See, also, as to the proper procedure where there is an issue of voluntariness of a confession, our decision in Hutcherson v. United States, 122 U.S. App.D.C. 51, 351 F.2d 748.

Another matter raised by the court at argument, and discussed in the supplemental briefs, was the possible unconstitutionality, for vagueness, of D.C.Code § 22–1107, defining disorderly conduct. Since this statute is relevant in this case only to the issue of probable cause for the arrest we need not consider the constitutional issue. Appellant's appeal is from a conviction of carrying a concealed weapon without a license, not of disorderly conduct. The existence of the disorderly conduct statute was a factor properly to be considered by the arresting officer in determining whether probable cause existed to arrest appellant for conduct in the officer's presence and defined in the statute as a crime.