John Wesley DAVIS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14091.

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1968.

James A. McCaffrey, Oklahoma City,
Staff Atty., The Legal Aid Society of Ok-
lahoma County, Inc., for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

John Wesley Davis, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Grand Larceny After Former Conviction of a Felony, and from the judgment and sentence fixing his punishment at eight years imprisonment in the State Penitentiary, a timely appeal has been perfected to this Court.

On appeal he urges several assignments of error which we will consider under two assignments.

▬ It is first contended that the defendant was denied a fair and impartial trial for the reason that the trial court did not rule on the voluntariness of the defendant's confession prior to admitting it into evidence and submitting the issue of the voluntary nature of the confession to the jury for its determination. The defendant relies upon Boles v. Stevenson, 379 U.S. 43, 85 S. Ct. 174, 13 L.Ed.2d 109; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Sims v. State of Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593. We are of the opinion that none of the above cited cases are applicable in the instant case for the reason that the criminal procedures of the State of Oklahoma provide that a defendant wishing to question the voluntariness of a confession prior to its admission into evidence for the jury's consideration, may have a determination of this issue by the trial court by presenting a Motion to Suppress said confession. If a Motion to Suppress is timely filed, it is the duty of the trial judge, outside of the hearing and presence of the jury, to make a determination of the voluntary nature of said confession after hearing testimony offered on behalf of the State and defendant relating to this issue. If after considering such evidence the judge is of the opinion that the confession was not a voluntary one, he must exclude it and not permit it to be presented to the jury for their consideration. If, on the other hand, the trial judge finds that the confession was voluntary, then he must admit it for the jury's consideration and it then becomes the duty of the jury, if the evidence is conflicting, to determine the voluntary nature of the confession.

▬ In the instant case the Public Defender, Mr. Don Anderson, who ably represented the defendant during the trial, did not file a Motion to Suppress, for the obvious reason as reflected from the testimony, that the defendant had been thoroughly advised of his right to remain silent, his right to counsel, and that any statement made by him could be used against him, and that thereafter he gave a free and voluntary confession near the scene of the crime where he was arrested. There was not one scintilla of evidence presented on the trial of this case, nor is it now urged, that the defendant was coerced or threatened and that as a result of coercion or threat he involuntarily confessed. This clearly distinguishes the instant case from those relied upon by the defendant for in each of those cases there was substantial evidence offered tending to establish that the confessions were made as a result of coercion or duress or under such circumstances as would render them inadmissible as being involuntary. Moreover, under the New York procedure, the trial court was not permitted to first pass on the voluntary nature of the confession, but rather it was submitted to the jury for their determination of this issue.

We are of the opinion that this assignment of error is wholly without merit.

▬ The defendant's second contention that he was inadequately represented during the trial by the Public Defender, Mr. Don Anderson, is equally without merit. In his brief he argues that the failure of the Public Defender to question the admissibility of the confession prior to admission into evidence demonstrates that his counsel

was incompetent. As we have stated in Proposition One, there is not one scintilla of evidence to controvert the fact that the confession was freely and voluntarily made after the defendant had been thoroughly advised of his constitutional rights and to hold that the Public Defender, under the circumstances here presented, was derelict in failing to file a Motion to Suppress said confession, would be an absurdity, for it would require him to do a vain and useless thing.

Defendant further argues that the Public Defender was less diligent in protecting the defendant's rights after the defendant had declined to enter a plea of guilty to the charge of which he stands convicted and receive a term of three years imprisonment. This allegation is likewise not supported by the record. Perhaps it would have been better for the defendant to have followed counsel's advice and entered a plea of guilty and received a lighter sentence in view of the overwhelming evidence of his guilt, but he elected to proceed to trial and cannot now complain that he received a greater punishment than he might have received had he followed counsel's advice. The Public Defender of Oklahoma County, Mr. Anderson, has been before this Court many times and is an attorney widely respected for his vigor, truth, honesty, and dedication in representing defendants in criminal cases. Mr. Anderson did a commendable job in representing the defendant, and we are of the opinion that this assignment of error is without merit.

In conclusion, we are of the opinion that the evidence of defendant's guilt was overwhelming and amply supported the verdict of the jury; he was capably represented throughout the trial and on appeal, and the judgment and sentence imposed was well within the range of punishment provided by law. Judgment and sentence appealed from is accordingly affirmed.

NIX, P. J., and TOM BRETT, J., concur.