Leonard H. LUNDBERG, Petitioner-Appellant,

v.

Raymond J. BUCHKOE, Warden, Respondent-Appellee.

No. 18033.

United States Court of Appeals
Sixth Circuit.
Feb. 8, 1968.

Leonard H. Lundberg in pro. per.

Frank J. Kelley, Atty. Gen., Stewart H. Freeman, Asst. Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich. for appellee.

Before WEICK, Chief Judge, and PECK and COMBS, Circuit Judges.

PECK, Circuit Judge.

This is an appeal by petitioner-appellant from a decision of the United States District Court dismissing his petition for a writ of habeas corpus. Petitioner is presently serving a sentence of life imprisonment for his 1956 conviction of murder in the first degree.

Subsequent to his conviction, the Michigan Supreme Court granted appellant leave to file a delayed appeal and affirmed the judgment. People v. Lundberg, 364 Mich. 596, 111 N.W.2d 809 (1961). The United States Supreme Court denied certiorari. 368 U.S. 983, 82 S.Ct. 635, 7 L.Ed.2d 546 (1962).

In October, 1962, petitioner applied for habeas corpus relief in the United States District Court for the Western District of Michigan which, after hearing, denied the petition. Following the denial of petitioner's motion for rehearing he appealed to this court, which affirmed the judgment. 338 F.2d 62 (1964). A motion for rehearing (and rehearing en banc) was denied in January, 1965.

Later the same year the Circuit Court for the County of Schoolcraft, Michigan (the trial court), denied appellant's motion for new trial. In February, 1966, that court again denied appellant's motion on rehearing. Appellant then sought to file a delayed appeal with the Court of Appeals of Michigan which was denied "for lack of meritorious grounds." The instant habeas corpus action was then commenced in the United States District Court. After conducting two hearings, the District Court rendered the adverse decision from which appellant perfected the appeal here under review.

Of the alleged sixteen errors set forth in appellant's brief, many are repetitious and will be consolidated for purposes of discussion. One of the principal contentions raised involves the voluntariness of appellant's confessions, which were admitted in evidence at trial. Although the Michigan Supreme Court declined to consider whether the confessions had properly been admitted because no objection thereto was raised at trial, the voluntariness was considered by the District Court in the prior habeas corpus proceeding. After considering the "federal constitutional questions as fully as if they had been raised in the state trial court," this court "concur[red] with the finding of the District Court that an examination of the totality of all the

circumstances does not establish that Lundberg's statements were made other than voluntarily." 338 F.2d at 67, 68.

Although appellant does not deny that the voluntariness issue had been decided previously, he now claims that he is entitled to an evidentiary hearing in the state courts under Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

In Jackson v. Denno, supra, which is applicable retroactively (See e. g., Stovall v. Denno, 388 U.S. 293, 298, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)), the Court held the so-called New York rule, whereby the trial judge submits the question of voluntariness of a confession to the jury if a preliminary examination of the evidence shows that a "fair question" of coercion is presented, to be unconstitutional. The Court concluded that the New York procedure "poses substantial threats to a defendant's constitutional rights to have an involuntary confession entirely disregarded and to have the coercion issue fairly and reliably determined," for the reasons that matters pertaining to the defendant's guilt might infect the jury's findings of fact regarding voluntariness, if they resolved that issue at all, and that a confession which the jury found to be involuntary might nevertheless influence the verdict. Other procedures in which the judge first determined on an independent record that a confession was voluntary before admitting it into evidence were considered adequate for the protection of the rights of an accused, regardless of whether the issue was thereafter submitted to the jury. The Court held, however, that Jackson, who had been tried in accordance with the condemned procedure, was constitutionally entitled to "an ade-‹quate hearing productive of reliable results concerning the voluntariness of his confession," and that the further proceedings should occur initially in the state courts, stating (p. 393, 87 S.Ct. p. 1789):

> "[W]e think that the further proceedings to which Jackson is entitled should occur initially in the state courts rather than in the federal habeas corpus court. Jackson's trial did not comport with constitutional standards and he is entitled to a determination of the voluntariness of his confession in the state courts in accordance with valid state procedures. * * *."

Appellant in the case at bar waived a jury trial and was tried by the court. As mentioned above no objections were raised at trial to the testimony concerning his confessions; indeed, the defense introduced a written confession into evidence for the ostensible purpose of negating the element of premeditation. (See 338 F.2d at 66–67.) The government thus argues that Jackson is inapplicable here for the reasons that the case was tried to the court without a jury, that defendant was afforded a hearing in the prior habeas corpus action (the implication being that this satisfied Jackson's requirement that he be given "an adequate evidentiary hearing productive of reliable results"), and that no objections to the confessions were made at trial.

While it appears that Jackson was concerned with a jury's inability to decide both the issue of the voluntariness of a confession and the guilt or innocence of the accused without allowing the consideration of one issue to influence the determination on the other (a problem the government claims is not present in a trial to the court), Jackson has been held applicable in cases tried without a jury. See United States v. Cavell, 254 F.Supp. 154 (M.D.Pa.1966); United States ex rel. Spears v. Rundle, 268 F.Supp. 691 (E.D.Pa.1967). Similarly, there is authority that Jackson requires a state hearing although the defendant has been afforded a federal habeas corpus hearing subsequent to conviction. State of Minn. ex rel. Holscher v. Tahash, 364 F.2d 922 (8th Cir. 1966); Mitchell v. Stephens, 353 F.2d 129 (8th Cir. 1965), cert. denied, 384 U.S. 1019, 86 S.Ct. 1966, 16 L.Ed.2d 1042 (1966). Without expressing a view on these two contentions,

it is here determined that the government's argument that *Jackson* is inapplicable because the question of coerced confessions was not raised at trial must be sustained.

It is emphasized at the outset that in upholding the government's contention regarding lack of objection, we do not hold that the failure to object constitutes a deliberate bypassing of state procedures or an intentional waiver of any federal claim by appellant which would preclude federal habeas corpus relief under Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Rather, *Jackson* does not apply because the question of the alleged coerced confession was not raised at appellant's trial. *Jackson* does not require the trial judge to hold a preliminary hearing sua sponte regarding the voluntariness of a defendant's confession or admission; it merely deals with the procedure to be followed in determining the issue when it is raised by objection or otherwise. See Evans v. United States, 377 F.2d 535 (5th Cir. 1967); Johnson v. United States, 125 U.S.App.D.C. 243, 370 F.2d 489 (1966); Williams v. Anderson, 362 F.2d 1011 (3rd Cir.), cert. denied, 385 U.S. 988, 87 S.Ct. 601, 17 L.Ed.2d 449 (1966).

Appellant argues that his constitutional rights were abridged when he was required to appear at certain pretrial proceedings without the benefit of counsel. The record shows that appellant was arraigned the day after his arrest before a Justice of the Peace, at which time he waived preliminary . examination. It is now claimed that the preliminary examination is a "critical stage" of the proceedings in Michigan under such cases as Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) and White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963).

In *Hamilton*, the accused, without counsel, pled not guilty at arraignment to a burglary indictment. In reversing his conviction the Court stated (pp. 53–54, 82 S.Ct. p. 158):

"Arraignment under Alabama law is a critical stage in a criminal proceeding. It is then that the defense of insanity must be pleaded * * * or the opportunity is lost. * * * Pleas in abatement must also be made at the time of arraignment. * * * It is then that motions to quash based on systematic exclusion of one race from grand juries * * * or on the ground that the grand jury was otherwise improperly drawn * * * must be made.

"Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show that in Alabama it is a critical stage in a criminal proceeding. What happens there may affect the whole trial."

In *White*, the accused was without counsel at his preliminary hearing where he pled guilty. Subsequently, counsel was appointed to represent him, the earlier plea was withdrawn and the cause proceeded to trial. During the trial the guilty plea entered at the preliminary hearing was introduced against him. Although the state court held that it was not necessary that an accused enter a plea at his preliminary hearing, the Supreme Court reversed (p. 60, 83 S.Ct. p. 1051):

"Whatever may be the normal function of the 'preliminary hearing' under Maryland law, it was in this case as 'critical' a stage as arraignment under Alabama law. For· petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel.

"We repeat what we said in Hamilton v. State of Alabama, supra, at 55, that we do not stop to determine whether prejudice resulted: 'Only the presence of counsel could have enabled this accused to know all the defenses avail-

able to him and to plead intelligently.' "

■ There is no arbitrary point at which the right to counsel attaches; the primary factor in such a determination is the nature of the proceedings. As stated in DeToro v. Pepersack, 332 F.2d 341, 343–344 (4th Cir.), cert. denied, 379 U.S. 909, 85 S.Ct. 198, 13 L.Ed.2d 181 (1964):

"Thus, the thrust of Powell's admonition that an accused has a right to counsel 'at every step in the proceedings against him,' as borne out by subsequent decisions, including Hamilton and White, seems to be that if the effectiveness of legal assistance ultimately furnished an accused is likely to be prejudiced by its prior denial, the earlier period may be deemed a critical stage in the judicial process and a conviction obtained in such circumstances is rendered invalid. We find nothing in the Supreme Court decisions, however, that would permit us to extend the duty of the State to appoint counsel in proceedings where even the likelihood of later prejudice arising from the failure to appoint is absent."

See also Wilson v. Harris, 351 F.2d 840 (9th Cir. 1965), cert. denied, 383 U.S. 951, 86 S.Ct. 1213, 16 L.Ed.2d 213 (1966). In short, the Sixth Amendment guarantee "encompasses counsel's assistance whenever necessary to assure a meaningful 'defence.' " United States v. Wade, 388 U.S. 218, 225, 87 S.Ct. 1926, 1931, 18 L.Ed.2d 1149 (1967). See also Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

■ Unlike the instant case, "the preliminary hearing [in White v. State of Maryland, supra], as in Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 was one in which pleas to the charge could be made * * *." Pointer v. State of Texas, 380 U.S. 400, 402, 85 S.Ct. 1065, 1067, 13 L.Ed.2d 923 (1965). In Michigan the "preliminary examination has for its limited purpose only the determination by a magistrate whether there is probable cause to bind the defendant over for trial * * *." People v. Zaleski, 375 Mich. 71, 81–82, 133 N.W. 2d 175 (1965); See People v. Podolski, 332 Mich. 508, 518, 52 N.W.2d 201, cert. denied, 344 U.S. 845, 73 S.Ct. 62, 97 L. Ed. 657 (1952). In light of the above principles, it cannot be said that Michigan's arraignment and preliminary examination proceedings, in and of themselves, constitute a critical stage of the proceedings. Nor were there any special circumstances in appellant's case which might suggest that the proceedings were critical; no plea or statement was in fact obtained from appellant at his arraignment and, aside from his right not to be held in custody absent probable cause, appellant neither lost nor waived any right or defense. The fact that appellant might have received some collateral benefit in the form of pretrial discovery had he not waived examination is immaterial. See Wilson v. Harris, supra; United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2nd Cir.), cert. denied, 379 U.S. 909, 85 S.Ct. 205, 13 L.Ed.2d 181 (1964). Appellant's claim that his conviction is invalid because of the denial of the assistance of counsel at his arraignment proceedings is thus rejected.

It here being determined that appellant's remaining contentions are without merit, the judgment of the District Court is affirmed.