Sylvester Lee GARRISON, Appellant,

v.

Wayne PATTERSON, Warden, Colorado
State Penitentiary, Appellee.

No. 10163.

United States Court of Appeals
Tenth Circuit.

Jan. 10, 1969.

Isaac Mellman, Denver, Colo. (E. Barrett Prettyman, Jr., Washington, D. C., with him on the brief) for appellant.

John P. Moore, Asst. Atty. Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., Denver, Colo., with him on the brief) for appellee.

Before PICKETT, HICKEY and HOLLOWAY, Circuit Judges.

HICKEY, Circuit Judge.

On November 27, 1959, a Colorado trial court convicted appellant, Sylvester Lee Garrison, of murder. The death penalty was imposed. On July 31, 1961, the Supreme Court of Colorado affirmed the conviction.[1] The Colorado courts have conducted two hearings to determine whether appellant has become insane since his conviction.[2]

On May 10, 1967, a petition for a writ of habeas corpus was filed in the United States District Court for the District of Colorado. It alleged as grounds for relief inept, incompetent, and inadequate representation of appointed trial counsel; the unconstitutionality of the court's requirement that the insanity issue be tried simultaneously with the issue of guilt; the failure of the court to

1. Garrison v. Colorado, 147 Colo. 385, 364 P.2d 197 (1961).

2. Garrison v. Colorado, 151 Colo. 388, 378 P.2d 401 (1963) and Garrison v. Colorado, 158 Colo. 348, 408 P.2d 60 (1965).

determine the voluntariness of appellant's alleged confessions outside the presence of the jury.

The district court reviewed the record and transcript and concluded that the writ should be denied. On June 2, 1967, the district court denied a certificate of probable cause but stayed the date of execution so that appellant could appeal to this court. On June 8, 1967, a petition for a stay of execution was filed in this court and on July 18, 1967, this court granted the certificate of probable cause, affirmed the judgment of the trial court, and stayed execution for ten days.

A petition for writ of certiorari was filed in the Supreme Court of the United States, Mr. Justice White granted a stay of execution, and on May 27, 1968, certiorari was granted. The judgment of this court affirming the judgment of the district court was vacated, and the case was remanded. This court was directed to hold a hearing on the merits in light of the certificate of probable cause which it had issued.[3]

The three issues presented to the trial court having been re-presented in the identical brief heretofore considered by this court and oral argument on these issues having been reheard, we have restudied the briefs and again reviewed the record.

█ Upon the issue of the adequacy of counsel, appellant contends that his conviction should be reversed in view of his claim that his counsel was engaged in the commission of felonies during his representation of appellant. No effort is made to show a causal relationship between these alleged actions out of court nor a dereliction of counsel in court or in trial preparation. The district court found that there was a loyal and vigorous defense and that the representation did not render the trial a farce or a mockery.[4] The finding is sustained by the record, and not clearly erroneous.

█ The second issue heretofore considered by this court relates to the procedure used to determine appellant's sanity wherein the insanity issue was tried simultaneously with the murder charge. Bell v. Patterson[5] determined the issue of a two part trial not being required as a matter of constitutional law, citing Spencer v. Texas.[6]

█ The final question resubmitted and reheard alleged that the trial court failed to determine the voluntariness of appellant's alleged confessions outside the presence of the jury, as required by Jackson v. Denno.[7] The record reflects that there was no objection to the introduction before the jury of the confessions as involuntary and that no circumstances existed to cause an awareness that counsel was questioning such admissibility on this ground. Reference may be made to the plea of insanity, to a prior institutional commitment, to cross-examination dealing with whether mental or physical tests were given appellant at the time of the confessions, and to other circumstances. However, none of the motions, objections, or actions of counsel show any effort to challenge the admissibility of the confessions before the jury, but rather a strategy to undermine them and to show distinctions and differences between the confessions. Therefore, the issue of admissibility of the confessions before the jury was not present, and the Jackson v. Denno procedure was not required.[8]

3. Garrison v. Patterson, 391 U.S. 464, 88 S.Ct. 1687, 20 L.Ed.2d 744 (1968).

4. Nutt v. United States, 335 F.2d 817 (10th Cir. 1964), cert. denied, 379 U.S. 909, 85 S.Ct. 203, 13 L.Ed.2d 180 (1964); Hickock v. Crouse, 334 F.2d 95 (10th Cir. 1964), cert. denied, 379 U.S. 982, 85 S.Ct. 689, 13 L.Ed.2d 572 (1965); Frand v. United States, 301 F.2d 102 (10th Cir. 1962).

5. 402 F.2d 394 (10th Cir. 1968).

6. 385 U.S. 554, 568, 87 S.Ct. 648, 17 L. Ed.2d 606 (1967).

7. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 2d 908 (1964).

8. Lundberg v. Buchkoe, 389 F.2d 154 (6th Cir. 1968); Evans v. United States, 377 F.2d 535 (5th Cir. 1967); United States v. Taylor, 374 F.2d 753 (7th Cir.

We reaffirm the Federal District Court's judgment with regard to the above set out issues re-argued before this court.

■ Counsel for appellant briefed and argued three additional issues as he submitted this cause on the remand from the Supreme Court of the United States. The three additional issues are: that the death penalty violates the Eighth Amendment; failure to give the jury standards for imposition of the death penalty violates the Fourteenth Amendment; the systematic exclusion of jurors who oppose the death penalty violates the Sixth Amendment. These issues were raised for the first time in briefs and argument at the second appellate hearing and appellee objects to its being decided here. Since the issues have not been presented to the Colorado courts, the federal court may not decide them absent special circumstances.[9]

Appellant's contention that the death penalty constitutes a cruel and unusual punishment proscribed by the Eighth Amendment was first raised on appeal. However, this contention has been recently rejected by Colorado in first degree murder cases.[10]

The second issue presented for the first time relating to the failure to give the jury standards as to the death penalty in violation of the Fourteenth Amendment should be heard in the Colorado court and not decided on this appeal. The reasons for requiring a habeas corpus petitioner to go to the state court first applies.[11]

■ The Federal District Court did not have an opportunity to consider the jury voir dire necessary to determine the Sixth Amendment issue raised, nor does the record or transcript available to us contain the voir dire examination. It is necessary to review such a transcript before the court can determine the Sixth Amendment question. We cannot therefore say that the test established by Witherspoon v. Illinois,[12] has been applied nor can the district court determine whether the principles of the Witherspoon decision were violated.

We therefore remand to the trial court, stay the execution of the death sentence until the new issues hereinabove referred to have been examined and determined by the Colorado court,[13] and retain jurisdiction to the extent necessary to make the stay of execution effective, provided the appellant herein immediately files and diligently prosecutes the issues here involved to a prompt conclusion.

Remanded for consideration in accordance with this opinion.

1967); Johnson v. United States, 125 U.S.App.D.C. 243, 370 F.2d 489 (1966); Kear v. United States, 369 F.2d 78 (9th Cir. 1966); Williams v. Anderson, 362 F.2d 1011 (3d Cir. 1966), cert. denied, 385 U.S. 988, 87 S.Ct. 601, 17 L.Ed.2d 449 (1966); * cf. Pinto v. Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31 (1967).

\* The Jackson v. Denno procedure was available to appellant at the time of trial under Colorado law. See Appendix A to opinion of Justice Black, 378 U.S. at 412, 84 S.Ct. 1774. Nevertheless, in the trial and direct appeal proceedings appellant claimed no error due to the absence of such a hearing.

9. 28 U.S.C. § 2254(b) and (c); Saxton v. Patterson, 370 F.2d 112 (10th Cir. 1966); Boseant v. Fitzharris, 370 F.2d 105 (9th Cir. 1966); Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

10. See Bell v. People, 431 P.2d 30 (Colo. 1967), and Segura v. People, 431 P.2d 768 (Colo.1967).

11. Fay v. Noia, 372 U.S. 391, 419, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

12. 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed. 2d 776 (1968).

13. Irving v. Breazeale, 400 F.2d 231 (5th Cir. 1968).