**STATE of Missouri, Respondent,**

v.

**Marvin L. JACKSON, Appellant.**

No. 54196.

Supreme Court of Missouri,
Division No. 2.

Jan. 12, 1970.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

J. Arnot Hill, Kansas City, for appellant.

PRITCHARD, Commissioner.

The principal question presented is whether the trial court was required to make a determination of the voluntariness of appellant's confession prior to its admission into evidence absent an objection by appellant or a request for a hearing on such question outside of the presence of the jury within Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

Upon a charge of robbery in the first degree, appellant was convicted by the verdict of a jury, which assessed punishment at seven years imprisonment in the Department of Corrections. Trial was begun and concluded on June 27, 1968. Appellant was represented by counsel throughout the trial.

Appellant's motion for new trial does not mention the matter of the voluntariness of his confession. The first time it is presented is upon this appeal.

Officer John Wilson of the Kansas City, Missouri, Police Department testified that upon notification he investigated a robbery which had occurred on November 29, 1967, at Matlaw's at 18th and Vine streets in that city. He gathered information about the description of the suspects and the car (a 1957 or 1958 red and white Oldsmobile) which was seen in the area, and the weapons used. Wilson's next connection with the case was when he brought three people back to Kansas City, appellant, Rufus Patterson and Phillip Harvey. He then had the assignment to talk to the three suspects in connection with the crime. He talked to appellant at the Crimes Against Persons unit, first advising him of his rights, using a printed form upon which were the "Miranda warnings." Appellant consented to the interview, did not ask for a lawyer, and did not have one at the time. Appellant stated that "he wanted to get it all over with. He wanted to get in the Armed

Forces at that time, and then he stated that he and two other guys had gone to Matlaw's after they had obtained shotguns. They had entered Matlaw's armed with shotguns, and that he had gone directly to the cash register." Appellant did not sign a written statement; it was oral. He stated that he entered Matlaw's on the time mentioned, with two other friends, and he had gone directly to the cash register, opened the cash register and moved the cash from it, and then was told by one of the others to go and open the safe. When he found the safe over against the wall he got the owner of the store down there and asked him to open it, but the door was not locked. He opened the safe door and started going through it. He found a few envelopes, and asked the owner if the envelopes contained any money, and the owner replied "No," but he still took some of the other envelopes. He stated that he left there and went up on Thirty-First Street, by Chestnut, behind a hotel at that location and he threw the envelopes in a trash barrel at that location because they did not contain any money, but personal papers which belonged to the Matlaw's store. Wilson, in court, identified appellant as the man who told him he committed the robbery at Matlaw's on November 29, 1967.

Appellant's counsel made various objections concerning repetition, conclusions, hearsay, and suggestion to Officer Wilson's testimony. There was no objection made that appellant's oral admission of the commission of the crime was not voluntary, and there was no request made to the court for an independent hearing on the voluntariness of the confession outside of the hearing of the jury.

Juan Paul Walker, age sixteen, was employed by Matlaw's Clothing Store at 18th and Vine, and was present when three young men came in and held it up. He pointed out, in court, appellant as being one of the three men. Appellant walked up to Walker and one of the three said, "This is a hold-up, lay on the floor." Walker observed appellant about a minute and a half in the store and then lay on the floor as ordered. Later he saw appellant "one night over in Kansas."

The procedure of Jackson v. Denno, supra, decided in 1964, was available to appellant at the time of his trial, June 27, 1968. But when the evidence of the admission of guilt started coming into the case through the testimony of Officer Wilson, the trial court was not required on its own motion to call a halt to the trial and conduct a hearing outside of the hearing of the jury on the voluntariness of appellant's confession. Jackson v. Denno applies to a *challenged* confession or admission of guilt. Pinto v. Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31, 33. In the Pinto case there was no objection to having the voluntariness of the confession considered in the presence of the jury, and counsel consented to that procedure after an inquiry was made by the court as to whether there was any objection thereto. Other federal cases hold that absent an objection or a request, the trial court is not required to order a hearing on the voluntariness of a confession. Woody v. United States (1967), 126 U.S.App.D.C. 353, 379 F.2d 130, cert. den. 389 U.S. 961, 88 S.Ct. 342, 19 L.Ed.2d 371; Evans v. United States (C.A.5th 1967), 377 F.2d 535, 537 [3]; Garrison v. Patterson (C.A.10th 1969), 405 F.2d 696, 697[3], in which the precise situation which here exists was considered, "The record reflects that there was no objection to the introduction before the jury of the confessions as involuntary and that no circumstances existed to cause an awareness that counsel was questioning such admissibility on this ground. * * * Therefore, the issue of admissibility of the confessions before the jury was not present, and the Jackson v. Denno procedure was not required." The cases listed in Footnote 8 of the Garrison case likewise rule that absent an objection or request for

an independent evidentiary hearing on the voluntariness of a confession none is required: Lundberg v. Buchkoe (C.A.6th 1968), 389 F.2d 154, 157[1]; Evans v. United States, supra; United States v. Taylor (C.A.7th 1967), 374 F.2d 753, 756[3]; Johnson v. United States (1966), 125 U.S.App.D.C. 243, 370 F.2d 489, 490 [4, 5], Footnote 2; Kear v. United States (C.A.9th 1966), 369 F.2d 78, 83[7]; Williams v. Anderson (C.A.3rd 1966), 362 F. 2d 1011, 1012, cert. den. 385 U.S. 988, 87 S.Ct. 601, 17 L.Ed.2d 449. On the *sua sponte* issue as here presented, United States v. Inman (C.A.4th 1965), 352 F.2d 954 seems to stand alone, the statement therein being said to be dictum in the Woody case, supra. This court has ruled the question on a direct appeal in State v. Gray, Mo., 432 S.W.2d 593, 597[7], and cases cited, and the following states are in accord with this court's pronouncement on the subject: State v. Armstrong, 103 Ariz. 280, 440 P.2d 307, 308[1]; Clark v. Smith, 224 Ga. 766, 164 S.E.2d 790, 795[9]; State v. Hagen, 258 Iowa 196, 137 N.W.2d 895, 900; Commonwealth v. Johnson, 352 Mass. 311, 225 N.E.2d 360, 365[9]; State v. Oliva, 183 Neb. 620, 163 N.W.2d 112, 115, 116; cf. People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 843, 204 N.E.2d 179, 183; Davis v. State, Okla.Cr., 437 P.2d 271, 272; Commonwealth v. Frye, 433 Pa. 473, 252 A.2d 580, 584; and Charles v. State, Tex.Cr.App., 424 S.W.2d 909, 912[2], all listed by the state in its brief and decided subsequently to Jackson v. Denno, supra.

■ Instruction No. 5 is attacked in Point II of this appeal. There was no objection whatsoever or an assignment of error in the motion for new trial concerning the propriety of the giving of Instruction No. 5. It is here said that the instruction submitted a question of law and did not require a finding of the facts relied upon by the state to constitute voluntariness, i. e., as argued, the instruction did not require a finding that Officer Wilson informed appellant of each and all of his rights and that appellant understood these warnings sufficiently to waive his rights. It is further argued that the instruction should have submitted whether the confession was obtained without intimidations or duress and without promises of rewards to appellant. Even if the propriety of the giving of the instruction had been properly preserved for review, as it was not (State v. Brookshire, Mo., 353 S.W.2d 681), appellant here requested no instruction on the collateral issue (State v. Ramsey, 355 Mo. 720, 197 S.W.2d 949, 957; State v. Pughe, Mo., 403 S.W.2d 635, 641) of the voluntariness of his admission, nor did he offer or suggest a clarifying instruction. The instruction here submitted for a finding that appellant made voluntary statements, which, if found, must be considered by the jury in the light of all circumstances under which they were made; and if the jury believed that any proved statements were involuntary, it should disregard them entirely. There was no evidence of duress, intimidation, or promises of reward made to appellant. No error appears, and Point II is overruled.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.