STATE of Missouri, Respondent,

v.

Milton DAY, Appellant.

No. 35632.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 29, 1974.

Charles D. Kitchin, James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Paul Robert Otto, Asst. Attys. Gen., Brendan Ryan, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., Jefferson City, for respondent.

CLEMENS, Judge.

Defendant appeals from a conviction of robbery in the first degree by means of a dangerous and deadly weapon. The court sentenced him to fifteen years confinement.

The jury could have found defendant guilty on these facts: On June 26, 1972 defendant and an armed accomplice entered a service station, held the owner at gunpoint and stole $72 in cash and two guns. Immediately after arrest and upon being given Miranda warnings, defendant told police he had been present at the robbery and had planned to use the stolen money to finance a trip.

Defendant contends on appeal: (1) the trial court committed plain error (Rule 27.-20, V.A.M.R.) by failing to hold a sua sponte hearing on the voluntariness of his post-arrest statements; (2) the trial court gave an erroneous alibi instruction and (3) defendant did not have effective assistance of counsel. These in order.

The trial court's failure to rule sua sponte upon the voluntariness of defendant's statements was not error. Such a ruling is required only when the admissibility of the confession is challenged. State v. Jackson, 448 S.W.2d 895, 896 (Mo. 1970). Such is not the case here. The trial court was not required, absent objection and motion, to halt the testimony relating defendant's admissions to hold a hearing on the issue of voluntariness. *Jackson,* supra, at 896.

Defendant alleges error in using the word "claims" in the alibi instruction. It said: "The defendant claims that he was at another place at the time the alleged crime was committed. You are instructed that if from all of the evidence you have a reasonable doubt as to whether the defendant was present when the alleged crime was committed, then you should give the defendant the benefit of such doubt and find him not guilty." An alibi instruction which merely points out that defendant interposed the alibi issue is not erroneous for that reason. State v. Mooring, 445 S.W.2d 303, 307 (Mo. 1969). An instruction must be read in its entirety. State v. Bryant, 375 S.W.2d 107, 109 (Mo. 1964). So read, this instruction did not shift the burden of proof onto defendant. The jury was told to consider "all of the evidence" and find the defendant not guilty if there is "a reasonable doubt" he was present at the crime. We deny defendant's contention.

A convicted defendant can best raise the issue of ineffective counsel in a post-conviction motion under Rule 27.26.

State v. Blackwell, 459 S.W.2d 268, 269 (Mo. banc 1970). Theoretically, the issue may be raised on direct appeal. State v. Cluck, 451 S.W.2d 103, 106 (Mo. 1970). But as in *Cluck*, the record here does not support defendant's contention he was denied effective assistance of counsel. Defendant may reassert his contention by filing a motion under Rule 27.26.

Judgment affirmed.

DOWD, P. J., and WEIER and RENDLEN, JJ., concur.