Helen Middie EVANS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 24006.

United States Court of Appeals
Fifth Circuit.

May 19, 1967.

Clyde W. Woody, Marian S. Rosen, Woody & Rosen, William M. Lau Bach, Houston, Tex., for appellant.

James R. Gough, Carl Walker, Jr., Asst. U. S. Attys., Morton L. Susman, U. S. Atty., Houston, Tex., for appellee.

Before THORNBERRY, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Appellant was convicted on eight counts of a twelve count indictment charging her with embezzling funds entrusted to the custody and care of the bank in which she was a teller, in violation of Title 18 U.S.C.A. § 656.

During the investigation of discrepancies between the bank's ledger and the passbooks of certain depositors of the bank, FBI agents "went out to see" appellant.[1] They advised her that anything she said could be used against her in a court of law; that she need not make any statement; that before making any statement she could contact an attorney; that she had the right to have an attor-

ney present and that if she couldn't afford one the court would appoint one for her. Appellant indicated she felt no need for an attorney and discussed the discrepancies freely. She admitted that she handled the money at her window, made the entries in the passbooks involved, and made out the smaller-in-amount deposit slips, but denied that she took any money for her own use. She was not placed under arrest or taken into custody at that time.

Seeking to bring this case under Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, appellant argues that she had a constitutional right to have counsel present at the time of interrogation and that because she never knowingly and intelligently waived that right it was error to admit the testimony of one of the agents concerning the above conversation with appellant. We reject her attempt to apply Miranda to this factual setting.

■ The Miranda safeguards are applicable only in instances of "custodial interrogation" which the Court defines as:

" * * * questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.[4]

"4. This is what we meant in *Escobedo* when we spoke of an investigation which had focused on an accused." 384 U.S. at 444, 86 S.Ct. at 1612, 16 L.Ed. 2d at 706."

■ Appellant here had not been taken into custody nor is there the slightest indication that she was deprived of her freedom of action in any way. She acted voluntarily in her dealings with the agents and none of the compulsive factors adverted to in Miranda are present. Under the circumstances of this case we decline to extend the Miranda arena. Cf. Pennewell v. United States, D.C.Cir., 1965, 122 U.S.App.D.C. 332, 353 F.2d 870; United States v. Davis, U.S. D.C.Mass., 1966, 259 F.Supp. 496. But

---

1. It is not clear where the FBI agents questioned appellant, but it is clear that the

questioning was not done in a building housing law enforcement personnel.

cf. People v. Allen, 1966, 272 N.Y.S.2d 249, 50 Misc.2d 897.

Appellant also contends that the trial court erred in not holding a hearing to determine whether her "confession" to the agents was voluntary. Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. Suffice it to say that voluntariness was never put in issue. Not only was there no objection but there was no way the trial court could have been aware that the voluntariness of her oral statements to the agents was questioned. See 378 U.S. at 374, 84 S.Ct. 1774. There must be a limit to the clairvoyance we require the trial courts to possess.

We have carefully considered appellant's remaining contentions and conclude that they are without merit. The judgment is

Affirmed.