**Willie Foster SELLERS, Plaintiff-Appellant,**

v.

**Lamont SMITH, Warden, Defendant-Appellee.**

**No. 26457.**

United States Court of Appeals Fifth Circuit.

June 9, 1969.

Julian Hartridge, Jr., Savannah, Ga., for appellant.

Arthur K. Bolton, Atty. Gen. of Georgia, Mathew Robins, Marion O. Gordon, Asst. Attys. Gen., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, AINSWORTH, Circuit Judge and FULTON, District Judge.

JOHN R. BROWN, Chief Judge:

In this appeal from the denial of a writ of habeas corpus after a factual hearing in the Federal Court, Appellant Sellers presents three grounds for reversal: (1) the failure of the State Trial Court to grant a continuance, (2) the admission into evidence at his trial of incriminatory statements allegedly taken from him in violation of his Sixth Amendment right to counsel, (3) the failure of the State Trial Court to have an independent hearing, out of the presence of the jury, on the issue of voluntariness of his statements. Although pressed by Court-appointed counsel with vigor and a professional skill worthy of the most seasoned advocate, we find the contentions to be without merit. We therefore affirm the judgment of the Court below.

At the outset we are confronted with Georgia's motion to dismiss the appeal as moot on the ground that Sellers has served his sentence and has been released from state custody. This contention, though valid at an earlier day, can no longer be sustained. In Carafas v. LaVallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554, the Supreme Court

recognized that because of the potential "'disabilities or burdens [which] may flow from' [a] petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.'" 391 U.S. at 237, 88 S.Ct. at 1559, 20 L.Ed.2d at 558. The Court held that because of these "collateral consequences," Carafas's case was not moot. See also Brown v. Resor, 5 Cir., 1969, 407 F.2d 281 (applying *Carafas*). Accordingly, the case of petitioner Sellers, like that of Carafas, cannot be considered moot.

Sellers's initial contention here is that the State Trial Court's failure to grant him a continuance amounted to a denial of his Sixth Amendment right to effective counsel. We reject this argument for two reasons. First, we agree with the District Judge that this point was apparently abandoned in the District Court, since there was no evidence introduced on the issues of the failure to grant a continuance, the lack of readiness of counsel, or the like. On the contrary, the only evidence presented was the State trial transcript, and the arguments of Sellers's counsel was directed solely to the questions involving the incriminating statements.

Second, even assuming the point was not abandoned, we find it without substantive merit. While it is clear that in some circumstances the denial of a continuance could result in the deprivation of the constitutional right to counsel, see Avery v. Alabama, 1940, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Everitt v. United States, 5 Cir., 1960, 281 F.2d 429, this is not such a case. The motion for continuance invoked the sound discretion of the Trial Court,[1] and we find that under the circumstances of this case the Trial Court acted well within the bounds of its discretion in denying the motion.[2]

This brings us to Sellers's contention that the use of incriminatory statements allegedly taken from him in violation of his Sixth Amendment rights renders his conviction fatally defective. Recognizing that *Miranda* is not available, Sellers invokes *Escobedo* in support of his claim,[3] but the facts here are quite different from the aggravated circumstances in *Escobedo*. This case does not involve an extended custodial interrogation in which the defendant requested and was denied access to counsel.[4] Moreover, the fact that Sellers may not have been warned of his right to remain silent does not, under *Escobedo*, automatically render his statements inadmissible at trial. Rather, the "totality of circumstances" must be examined to determine whether Sellers's statements were coerced, giving appropriate weight to the failure to warn as a relevant factor. State of Texas v. Payton, 5 Cir., 1968, 390 F.2d 261, 269–270.

The first "incriminatory" statement was made at the moment of Sellers's apprehension, when he volunteered the curt but poignant observation, "Well,

---

1. *E. g.*, Welsh v. United States, 5 Cir., 1968, 404 F.2d 414, 416.

2. Sellers was apparently represented at the trial by *retained* counsel, who were employed by him since August 27, 1965, and continued to represent him through the trial which began on October 11, 1965. In addition, Sellers' counsel evidently received notice of the trial about 11 days before it began. Thus it is clear that the contention that trial counsel did not have sufficient time to prepare is without merit. Cf. Everitt v. United States, *supra*.

3. Because Sellers was tried after the decision in Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, but before that in Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, only the rule of *Escobedo* is directly applicable here. Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

4. See Frazier v. Cupp, 1969, 395 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684. We realize that the question of the circumstances required to "trigger" an application of *Escobedo* has been the subject of considerable debate. *See, e. g.*, Collins v. Beto, 5 Cir., 1965, 348 F.2d 823, 829–30, 836–837; State of Texas v. Payton, 5 Cir., 1968, 390 F.2d 261.

you all got me." Sellers's captor testified that later, during the automobile ride to the jail, he asked about Sellers's accomplice. Sellers replied, "Larry, you know I can't tell you anything about that. I'll tell you one thing, I'll always remember who left me."

The last statement in issue was made in response to a demand by a jailer that Sellers pull his coveralls down. When Sellers asked why, he was told that the jailer was looking for bruises. Sellers answered, "Well, I'll answer only one question, I was not the fellow that fell through the ceiling of that store." The State first urges that there is much doubt that this statement was even incriminatory, for if Sellers had been told by or knew from the authorities that someone was supposed to have fallen through a ceiling, his answer was merely a denial that he was that person. Only if Sellers was supposedly ignorant of the facts and circumstances surrounding the crime of which he was accused would his answer become inculpatory. But we need not determine this.

 In any event, there was ample basis for the conclusion that none of these three statements was involuntary. The first was obviously a spontaneous exclamation at the moment of capture. The second was obtained after a very brief period of custody, i. e., before he had even reached the jail. Finally, the third statement, if inculpatory, was made not in response to any line of questioning or to any specific question, but in response to the jailer's request to look for bruises. Accordingly, we do not find the use of these statements at trial objectionable under *Escobedo*[5] or under *Johnson* (note 3 supra).

Sellers's final contention—that there was error in failing to hold a separate hearing, outside the presence of the jury, to determine whether the incriminatory statements were freely and voluntarily made—fares no better. Of course, he relies upon Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. The simple answer to this contention is that the voluntariness of the statements was not put in issue in the Trial Court. In these circumstances this Court has held that a voluntariness hearing need not be held. See Evans v. United States, 5 Cir., 1967, 377 F.2d 535, where we stated:

"Appellant also contends that the trial court erred in not holding a hearing to determine whether her 'confession' to the agents was voluntary. * * * Suffice it to say that voluntariness was never put in issue. Not only was there no objection but there was no way the trial court could have been aware that the voluntariness of her oral statements to the agents was questioned. * * * There must be a limit to the clairvoyance we require the trial courts to possess."

377 F.2d at 537. See also Lundberg v. Buchkoe, 6 Cir., 1968, 389 F.2d 154, 157.

Affirmed.

---

5. Cf. Frazier v. Cupp, 1969, 395 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684.