**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Harold BROWN, Oscar Cornelius Goodman, and Clifford Odell Hollis, Jr., Defendants-Appellants.**

No. 28697.

United States Court of Appeals, Fifth Circuit.

Oct. 5, 1970.

Sam W. Kleinfeld, Miami, Fla. (Court Appointed), for defendants-appellants.

William J. Schloth, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

This is a direct appeal from a judgment of the District Court for the Middle District of Georgia finding Brown, Goodman and Hollis guilty of bank robbery. The principal question concerns the admissibility of certain evidence seized from an automobile in which the defendants had been riding prior to their arrest. The search was conducted without a warrant after the defendants had been arrested and placed in custody in a nearby police vehicle. Although we once might have had some question concerning the admissibility of evidence obtained in such a manner, the Supreme Court's most recent opinion on this issue quiets all doubt which we might have entertained. Making it absolutely clear that there is a constitutional difference between the search of an automobile and the search of a house the Supreme Court in Chambers v. Maroney, 1970, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, sustained the admission of evidence obtained from an automobile under circumstances virtually identical to those involved in the present case.

We conclude therefore that under the rule announced in *Chambers* the search here was valid and the defendants have been deprived of no constitutional privilege by the admission of its fruits into evidence.

We have examined appellants' other points of error and find them without merit.

The decision of the court below is affirmed.