James H. **BROWN**, Petitioner-Appellant,

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 72-2065
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 3, 1972.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

James H. Brown, pro se.

William J. Schloth, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for respondent-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

The district court has denied without an evidentiary hearing the appellant's motion to vacate his federal sentence pursuant to 28 U.S.C. § 2255. We vacate and remand.

Appellant is presently serving a 17-year sentence for bank robbery, a violation of 18 U.S.C. § 2113(a). This Court affirmed on direct appeal in United States v. Brown, 5th Cir. 1970, 432 F.2d 552. In his § 2255 motion to vacate sentence, a lengthy document, appellant enumerates a dozen grounds for relief. The district court denied relief without making any findings of operative fact. Instead, the Court found that the record of the original trial and appeal

" . . . conclusively demonstrate that each of Brown's allegations of error is completely false, or is not of such nature as to warrant relief under § 2255, or is based upon matters raised during the trial of his case, ruled on by the Court at that time, and was therefore subject to a direct appeal from his original conviction."

█ Where a petitioner, in a § 2255 motion, states facts which, if true, would entitle him to relief, this court has held, "One filing a motion under that statute [28 U.S.C. § 2255] has a right to have findings entered in order that he might know the basis for the court's disposition of his claims." Gallegos v. United States, 5th Cir. 1972, 466 F.2d 740. In his § 2255 motion appellant presented some grounds which are patently lacking in merit. However, there are others which, if substantiated, would entitle him to relief.

█ Furthermore, the district court must consider the merits of issues raised in a § 2255 motion even if those issues could have been raised on direct appeal. Kaufman v. United States, 1969, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227; Randall v. United States, 5th Cir. 1972, 454 F.2d 1132. We therefore vacate the judgment below and remand to allow the district court to consider the merits of those issues. On remand the court below will also make findings of operative fact and conclusions of law on all of appellant's allegations.

Vacated and remanded.