**Floyd C. GREEN, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 72-2589**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 6, 1973.

Harry H. Walsh, Staff Counsel for Inmates, Texas Dept. of Corrections, Huntsville, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen., Robert Darden, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

In this, his second round of federal habeas corpus petition, Petitioner challenges his conviction for robbery on the basis that the use of his sworn testimonies in a previous trial against a co-defendant violated his Fifth and Sixth Amendment rights under *Miranda*. The able trial judge found Petitioner's contentions to be without merit and declined to issue the writ. We agree.

It is elementary that the stringent requirements of *Miranda* apply only when the Defendant is in custody. United States v. Montos, 5 Cir., 1970, 421 F.2d 215; Archer v. United States, 5 Cir., 1968, 393 F.2d 124; Evans v. United States, 5 Cir., 1967, 377 F.2d 535; United States v. Akin, 5 Cir., 1970, 435 F.2d 1011. Petitioner's alleged inculpatory statements were given during the course of a judicial proceeding and after the Petitioner had been informed of his Fifth Amendment right to remain silent by the state trial judge. This is not the invidious subterfuge which the Court faced in Massiah v. United States, 1964, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Likewise, the mere absence of petitioner's counsel at the co-Defendant's trial does not impugn his testimony. United States v. DeLoy, 5 Cir., 1970, 421 F.2d 900; United States v. White, 5 Cir., 1971, 451 F.2d 696. The Petitioner had ample opportunity to refuse to testify or to request the advice of counsel. See United States v. Priest, 5 Cir., 1969, 409 F.2d 491.

The judgment will be

Affirmed.