DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Ryan Gerber appeals from his conviction and sentence in the Wayne County Court of Common Pleas. We affirm.
This case arose when a group of men planned to rob the home of Randall Leichty, who was growing and selling marijuana. Among those involved was Gerber. The group drove in a van to Leichty's house in Wayne County, Ohio. Six of the men entered the house dressed in black, while Gerber stayed in the van. Armed with shotguns, the group entered the home and identified themselves as members of the sheriff's department with a search warrant. They then ransacked the home, taking money and marijuana, while one of their number, Joshua Hukill, kept Leichty lying down on a couch by holding a sawed-off shotgun to Leichty's head. As the group left, Hukill shot Leichty in the head, killing him. The group then returned to the van, and Gerber drove the van from the scene.
In October 1998, the Wayne County Grand Jury indicted Gerber on five counts: complicity to commit aggravated murder, complicity to commit kidnapping, complicity to commit aggravated robbery, complicity to commit aggravated burglary, and complicity to commit grand theft. Each count was accompanied by a firearm specification. Gerber pleaded not guilty to the charges against him.
On January 19, 1999, Gerber moved to dismiss the indictment for violation of his speedy trial rights. The trial court denied the motion.
A jury trial was held on February 16-18, 1999. After deliberating, the jury found Gerber guilty of complicity to commit kidnapping, complicity to commit aggravated robbery, complicity to commit aggravated burglary, and not guilty of complicity to commit grand theft. The jury also found Gerber not guilty of complicity to commit aggravated murder but did find him guilty of the lesser included offense of involuntary manslaughter.
A sentencing hearing was held on March 9, 1999. The trial court sentenced Gerber to a ten-year prison term on each of the four counts (the maximum prison term), with three of the terms to be served concurrently and one of the terms to be served consecutive to the other three, for an aggregate prison term of twenty years. Gerber now appeals to this court.
Gerber asserts four assignments of error. We will address each in turn.
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO DISMISS THE INDICTMENT FOR REASON [sic] THAT THE STATE FAILED TO BRING THE APPELLANT TO TRIAL WITHIN THE TIME PROSCRIBED [sic] BY O.R.C. § 2945.71.
In his first assignment of error, Gerber argues that his right to a speedy trial was violated and that, consequentially, the trial court should have granted his motion to dismiss. We disagree.
Under R.C. 2945.71(C)(2) and (E), a defendant who is held in jail in lieu of bond must be brought to trial within ninety days of his arrest. Failure on the part of the State to do so requires the defendant to be discharged upon motion. R.C. 2945.73(B). However, R.C. 2945.72 delineates certain circumstances under which the ninety day time limit may be extended.
 The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
* * *
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]
R.C. 2945.72(E) and (H). When a continuance "other than upon the accused's own motion" is granted under R.C. 2945.72(H), the trial court must "enter the order of continuance, and the reasons therefor, by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." State v. Gregrich (Mar. 24, 1999), Wayne App. No. 98CA0029, unreported, at 4. Whether a continuance under R.C.2945.72(H) is reasonable "depends on the peculiar facts and circumstances of a particular case." State v. Saffell (1988),35 Ohio St.3d 90, 91.
The parties agree that Gerber was arrested on October 16, 1998. Absent any permitted delays, the State had until January 14, 1999, to bring him to trial. Gerber's trial actually began on February 16, 1999. Thus, one hundred twenty-three days elapsed between Gerber's arrest and his trial.
A trial date was initially set for January 11, 1999—within the statutory speedy trial period. Gerber moved to compel discovery of certain criminal laboratory reports on January 5, 1999. On January 8, 1999, the State moved for a continuance, asserting that it could not make the reports available to Gerber's attorney prior to trial. On January 11, 1999, the trial court granted Gerber's motion to compel discovery and granted the State's motion for a continuance. The order granting the continuance did not specifically state a reason, other than "[f]or good cause," and rescheduled the trial for February 16, 1999.
On January 19, 1999, Gerber moved to dismiss for violation of his speedy trial rights. The State responded on February 2, 1999. On February 9, 1999, the trial court issued its decision, denying Gerber's motion. The trial court found that the delay was necessitated by Gerber's motion to compel discovery and the unavailability of the reports that were at issue. The trial court also found that the State's request for a continuance was reasonable, based on the importance of the reports in preparing for trial.
Based on these facts, we conclude that Gerber's speedy trial rights were not violated. The trial court's initial grant of the State's motion for a continuance, journalized on January 11, 1999, did not set forth any reasons for the continuance. When Gerber moved to compel discovery, eighty-one days had elapsed. Six days later, on January 11, 1999, the trial court granted the motion. These six days tolled the speedy trial time provisions as a motion instituted by the defendant under R.C. 2945.72(E). Once the motion was resolved, the State still had nine days — until January 20, 1999 — to bring Gerber to trial. Gerber filed his motion to dismiss on January 19, 1999 — prior to the expiration of the prescribed ninety days. Once again, the speedy trial time was tolled, id., until Gerber's motion was resolved by the trial court on February 9, 1999. In that same order, the trial court indicated the reason for the continuance that was granted previously.
The speedy trial time provisions were tolled up to February 9, 1999, and the State still had one day to bring Gerber to trial when the trial court journalized its reasons for granting the State's motion. The reason given by the trial court and the State that the criminal laboratory reports sought by Gerber in the course of discovery could not be produced prior to a January 11, 1999 trial — was reasonable. The trial court's continuance order did not contain the reasons for the continuance, but such reasons were journalized prior to the expiration of the prescribed ninety-day period. While the better practice would be to journalize the continuance and the supporting reasons contemporaneously, we find that the trial court in the case at bar complied with the requirements set forth in Gregrich, supra.
We also conclude that the period of the continuance was reasonable. The ninety day period would have expired on February 10, 1999, the day following the trial court's ruling on the motion to dismiss. The trial began on February 16, 1999. We cannot say that, in light of the facts and circumstances, the six day delay was unreasonable.
In sum, we conclude that Gerber's right to a speedy trial was not violated. Therefore, the trial court did not err by overruling Gerber's motion to dismiss on those grounds. The first assignment of error is overruled.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN DECLARING THAT BRANDON KNOUSE, A WITNESS CALLED BY THE PROSECUTION, WAS A HOSTILE WITNESS AND THEREFORE SUBJECT TO LEADING QUESTIONS IN DIRECT EXAMINATION PURSUANT TO OHIO EVIDENCE RULE 611.
Gerber argues in the second assignment of error that the trial court erred by permitting the State to use leading questions during direct examination of one of its own witnesses, Brandon Knouse. Knouse took part in the initial planning of the robbery but did not participate in the actual robbery. Knouse gave a statement to the police regarding his involvement and the involvement of the participants in the robbery. During his testimony, Knouse's version of events differed somewhat from his police statement. The State then began asking leading questions. After Gerber objected, the attorneys discussed the matter at a sidebar. The trial court then overruled the objection and permitted the leading questions.
Evid.R. 611(C) states: "Leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony. * * * When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions." In order for a witness to be declared hostile, there is no requirement for a showing of surprise and affirmative damage, as is the case with Evid.R. 607. State v. Dolce (1993), 92 Ohio App.3d 687,704.
A trial court's decision to declare a witness hostile under Evid.R. 611(C) may be reversed only for an abuse of discretion.Ramage v. Cent. Ohio Emergency Serv., Inc. (1992), 64 Ohio St.3d 97, paragraph six of the syllabus. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Ponsv. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
We conclude that the trial court did not abuse its discretion by declaring Knouse to be a hostile witness to the State. The record shows that Knouse was a life-long friend of Gerber who admitted that he did not want to see anything bad happen to Gerber, and that Knouse's responses were inconsistent with his statement to the police. We cannot say under these circumstances that the trial court acted with perversity of will, moral delinquency, or the like. Gerber's second assignment of error is overruled.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED WHEN IT PERMITTED, IN APPELLANT'S TRIAL, THE READING OF PRIOR TESTIMONY GIVEN BY THE APPELLANT AT ANOTHER TRIAL IN THE STATE'S CASE IN CHIEF ALL IN VIOLATION OF APPELLANT'S FIFTH AND SIXTH AMENDMENT RIGHTS AGAINST SELF-INCRIMINATION AND DUE PROCESS OF LAW.
For his third assignment of error, Gerber asserts that the trial court erroneously permitted the prosecution to introduce into evidence his prior testimony from another criminal case. During its case in chief, the State had a witness read Gerber's testimony from the trial of one of Gerber's codefendants. Gerber objected, and the trial court overruled the objection. Gerber now contends that the introduction of his former testimony violated his right against self-incrimination. We disagree.
Under the Fifth Amendment to the United States Constitution, a defendant has a right to be free from compelled self-incrimination in criminal proceedings against him. However, the right is only abridged by compulsion, and failure to claim the privilege waives its protection. See Minnesota v. Murphy (1984),465 U.S. 420, 427, 79 L.Ed.2d 409, 419. "[A] witness confronted with questions that the government should reasonably expect to elicit incriminating evidence ordinarily must assert the privilege rather than answer if he desires not to incriminate himself." Id.
at 429, 79 L.Ed.2d at 420.
In the case at bar, while the introduction of the former testimony was discussed by the trial court, the State, and counsel for Gerber, it was stated that Gerber had testified on advise of counsel and with counsel present. There is no evidence that the testimony was compelled or anything less than voluntary. Therefore, we conclude that the admission of the testimony did not violate Gerber's Fifth Amendment right against self-incrimination. See State v. Brown (1988), 38 Ohio St.3d 305, 315; see, also,Green v. Beto (1973), 476 F.2d 601, 601.
We find that the trial court did not err by admitting Gerber's former testimony into evidence. Gerber's third assignment of error is overruled.
ASSIGNMENT OF ERROR NO. 4
 THE TRIAL COURT VIOLATED THE SENTENCING GUIDELINES ESTABLISHED BY THE LEGISLATURE IN § 2929.14 OF THE OHIO REVISED CODE IN SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES AND THE MAXIMUM PENALTIES AND THUS VIOLATED THE APPELLANT'S RIGHTS TO DUE PROCESS OF LAW AS PROTECTED BY THE SIXTH AMENDMENT OF [sic] THE UNITED STATES CONSTITUTION.
In his fourth assignment of error, Gerber argues that the sentence imposed by the trial court was improper. As noted above, the trial court sentenced Gerber to the maximum term of ten years on the four convictions and ordered one of those terms to be served consecutive to the other three (which were to run concurrently), for an aggregate term of twenty years. This argument lacks merit.
R.C. 2929.14(B) governs the sentence that may be imposed by a trial court when the defendant is convicted of a felony, a prison sentence is imposed, and the defendant has not previously served a prison term. Under those circumstances, the minimum sentence for the felony offense must be imposed unless the trial court "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."Id.
Under R.C. 2929.14(C), a trial court may only impose the maximum prison term on a defendant who meets one of four criteria. The only two criteria relevant to this appeal are whether the defendant "committed the worst form of the offense" or "pose[s] the greatest likelihood of committing future crimes[.]" Id. The trial court also must make a finding with respect to one of the four criteria and give reasons for that finding. R.C.2929.19(B)(2)(d).
R.C. 2929.14(E)(4) requires a trial court to make three findings before prison terms may be imposed consecutively.
 [T]he court may require the offender to serve the prison terms consecutively if the court finds [1] that the consecutive service is necessary to protect the public from future crime or to punish the offender and [2] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and [3] if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 Id. The trial court must also give "its reasons for imposing the consecutive sentences[.]" R.C. 2929.19(B)(2)(c).
In the case at bar, Gerber was convicted of four first-degree felonies. Under R.C. 2929.14(A)(1), the prison term must be for three, four, five, six, seven, eight, nine, or ten years. There is no evidence that Gerber had previously served a prison term. Therefore, the trial court was required to impose the minimum prison terms, concurrently, unless the proper findings were made. We may reverse the sentence imposed, as is relevant to the case at bar, only if we find by clear and convincing evidence that the sentence is unsupported by the record or is contrary to law. R.C.2953.08(G)(1) and (4).
We conclude that the trial court's sentence was proper. In the sentencing entry, the trial court found that the shortest prison term would demean the seriousness of Gerber's conduct and would not adequately protect the public, in compliance with R.C.2929.14(B). The trial court also found that Gerber committed the worst forms of the crimes for which he was convicted and was highly likely to commit a crime in the future, as is relevant to R.C. 2929.14(C). The trial court complied with the statutory requirements governing consecutive sentences. The sentencing entry also contained reasons supporting its findings.
The sentence imposed by the trial court comports with the requirements imposed by statute and is not in error. Accordingly, the fourth assignment of error is overruled.
Gerber's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER, FOR THE COURT
SLABY, P.J. and WHITMORE, J. CONCUR